IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-166-MHT-JTA |
| | ) |
| MONTGOMERY HOUSING | ) (WO) |
| AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendants' Motion to Dismiss, or, in the Alternative, for More Definite Statement. (Doc. No. 17.) Also before the court is Plaintiff's Motion Opposing the Defendants' Motion to Dismiss for Failing to Comply with Court Order of March 22, 2024, which the court CONSTRUES as a motion for extension of time to file. (Doc. No. 21.) This action has been referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 16.)

For the reasons stated below, it is ORDERED that Defendants' Motion for More Definite Statement (Doc. No. 17) is GRANTED and that Plaintiff's motion for extension of time (Doc. No. 21) to file is GRANTED. Further, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that Defendants' Motion to Dismiss (Doc. No. 17) be DENIED as moot without prejudice to raise the arguments therein in opposition to an amended complaint.

1

## I. JURISDICTION

Plaintiff seeks to recover under various federal statutes; therefore, the court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction arises over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## II. PROCEDURAL HISTORY

On February 5, 2024, Plaintiff filed this action against the Montgomery Housing Authority and against nine individuals, in their individual capacities and in their capacities as officials of the Montgomery Housing Authority. (Doc. No. 1-1 at 2-4.) He contends that Defendants have been conspiring against him since 1998 to silence him from speaking out about health, safety, and equal-pay issues, that they placed him on a "do not hire" list and refused to provide him reasonable employment accommodations for disabilities, that they retaliated against him as in violation of protections for employees arising under Alabama law, and that they committed "environmental fraud and toxic tort crimes" and various other tortious and unlawful acts. (Doc. No. 1-1 at 2-17.)

On March 21, 2024, Defendants filed their Motion to Dismiss, or, in the Alternative, for More Definite Statement. (Doc. No. 17.)

On March 22, 2024, the court entered an order directing Plaintiff to show cause, on or before April 12, 2024, why Defendants' motion should not be granted. (Doc. No. 18.) The court cautioned Plaintiff that, "should he fail to show cause why the motion should not be granted <u>or</u> fail to comply with [the] Order," the undersigned would recommend dismissal of his Complaint. (*Id.* at 1 (emphasis in original).)

Plaintiff missed the deadline to show cause, and, on April 15, 2024, Defendants filed a notice pointing out that fact and urging the court to grant their motion to dismiss. (Doc. No. 19.)

On April 19, 2024, Plaintiff filed his brief in opposition to Defendants' motions to dismiss and for more definite statement. (Doc. No. 20.)

On April 22, 2024, Plaintiff filed a "motion" in opposition to Defendants' April 15, 2024 filing. (Doc. No. 21.) In this document, Plaintiff explains that he did not timely respond to the March 22, 2024 Order to show cause because he had been summoned for jury duty in state court.

On April 25, 2024, Defendants filed a reply brief in support of their Motion to Dismiss, or, in the Alternative, for More Definite Statement. (Doc. No. 22.)

The pending motions are under submission and ready for disposition.

### III.   DISCUSSION

A.   Plaintiff's Motion for Extension of Time to File (Doc. No. 21)

In Plaintiff's April 22, 2024, motion, he seeks to explain why he did not timely comply with the March 22, 2024 Order to show cause. (Doc. No. 21.) The court construes Plaintiff's April 22, 2024 motion as a motion for extension of time to file a response brief pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure.

Rule 6(b)(1)(B) requires a showing of good cause and excusable neglect for extensions of time where, as here, the motion for extension of time is filed after the expiration of the deadline in question. The court finds that Plaintiff's showing that he had jury duty service satisfies the requirements of Rule 6(b)(1)(B). Thus, Plaintiff's motion for

3

extension of time is due to be granted, and his brief in opposition to Defendants' motion to dismiss and for more definite statement (Doc. No. 20) will be deemed timely filed.

B.      Defendants' Motion for More Definite Statement (Doc. No. 17)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to "contain ... a short and plain statement showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's factual allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The point of these requirements is to enable the opposing parties to respond adequately and appropriately to the claims against them, and to allow the court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal citations omitted). As Defendants correctly indicate in their Motion for More Definite Statement, Plaintiff's Complaint fails to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure to such an extent that it fails to fairly place Defendants on notice of the claims against each of them and the factual basis upon which each of those claims rests. (Doc. No. 17 at 7-8.)

Plaintiff's Complaint constitutes a "shotgun pleading" that does not comply with the Federal Rules of Civil Procedure.[1] To start with, the Complaint contains numerous

---

[1] The Eleventh Circuit has defined shotgun pleadings as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a

factual allegations regarding a wide range of allegedly wrongful conduct, but fails to specify which factual allegations pertain to which claims against which of the numerous Defendants in their individual and/or official capacities. Plaintiff fails to explain what specific act(s) each individual defendant allegedly did, in what capacity and when, that gave rise to each of his claims.[2] *Cf. Weiland*, 792 F.3d at 1323 (noting that shotgun complaints include those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions").

Furthermore, Plaintiff asserts "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," or, for that matter, to any particular Defendant. *Id*. at 1322. The Complaint contains fourteen different counts, ranging from toxic torts to age discrimination in employment. Each count adopts all the factual

---

> complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland*, 792 F.3d at 1323 \(footnotes omitted).

[2] For example, a factual allegation that "Plaintiff Kelly was denied a job interview because Plaintiff Kelly raised concerns about public safety and 'equal pay for equal work' issues at the MHA agency" fails to indicate how any particular Defendant participated in the denial of the job interview. (Doc. No. 1-1 at 6 ¶ 15.) Yet, Plaintiff asserts all his claims against the individual Defendants in their individual capacities, including any causes of action that may arise out of the denial of the job interview.

5

allegations in the Complaint, thus incorporating wholly irrelevant factual allegations in every count while simultaneously obfuscating which factual allegations give rise to which causes of action. In short, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

In addition, as Defendants point out, several of the exhibits Plaintiff attached to his Complaint appear to contradict the factual allegations in the Complaint, further confusing the issues. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

For these reasons, although their motion to dismiss indicates their valiant effort to do so, Defendants cannot be adequately certain of which claims are levelled against them or factual allegations on which Plaintiff's causes of action rest. As a result, the pleading deficiencies deprive Defendants of the ability to fully respond to the Complaint. *Weiland*, 792 F.3d at 1323.

"While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted). Generally, however, a *pro se* plaintiff must be afforded "at least one" opportunity to amend the complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more

specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* only as to plaintiffs who are represented by attorneys). Further, Rule 12(e) provides that a court may order a more definite statement of the plaintiff's claims where, as here, the complaint "is so vague or ambiguous that the [opposing] part[ies] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Accordingly, Defendants' Motion for More Definite Statement (Doc. No. 17) is due to be granted, and Plaintiff will be required to file an amended complaint that complies with Rules 8, 10, and 11[3] of the Federal Rules of Civil Procedure.

---

[3] Plaintiff is ADVISED that Rule 11(b) of the Federal Rules of Civil Procedure provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(emphasis added).

C.      Defendants' Motion to Dismiss (Doc. No. 17)

Although Plaintiff has not yet filed an amended complaint, he will either file one or face dismissal of this action. In any event, this case will not proceed on the original Complaint, which is an impermissible shotgun pleading. Therefore, Defendant's motion to dismiss (Doc. No. 17) is directed at the merits of an inoperative pleading and is itself due to be denied as moot without prejudice to raise the arguments therein in response to the amended complaint. *See Sullivan v. Prattville Health & Rehab., LLC.*, Case No. 3:22-cv-702-RAH-JTA, 2024 WL 1601217, at *5 (M.D. Ala. Feb. 16, 2024) (recommending denial of pending motions to dismiss in similar circumstances), *report and recommendation adopted*, 2024 WL 943453 (M.D. Ala. Mar. 5, 2024); *Geathers v. Bank of Am., N.A.*, No. 1:14-CV-00850, 2015 WL 348852, at *1 (N.D. Ga. Jan. 26, 2015) (adopting the recommendation of the magistrate judge to dismiss as moot a dispositive motion directed at a complaint that had been superseded by amendment); *see also Decker v. Jones*, No. 2:19-cv-759-WKW-JTA, 2022 WL 18715945, at *4 (M.D. Ala. Dec. 6, 2022), *report and recommendation adopted sub nom. Decker v. Alabama Dep't of Corr.*, No. 2:19-cv-759-WKW, 2023 WL 1997707 (M.D. Ala. Feb. 14, 2023) ("[T]he Eleventh Circuit has recognized the general rule of amendment, which mandates an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts the earlier pleading, applies to pleadings filed by *pro se* parties." (citing *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (citing in turn *Pintando v. Miami-Dade Hous. Agency*, 501 F. 3d 1241, 1243 (11th Cir. 2007)))).

## V.   CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion Opposing the Defendants' Motion to Dismiss for Failing to Comply with Court Order of March 22, 2024 (Doc. No. 21) is CONSTRUED as a motion for extension of time to file.

2. Plaintiff's motion for extension of time to file (Doc. No. 21) is GRANTED and Plaintiff's brief in opposition to Defendants' motions to dismiss and for more definite statement is deemed timely filed. (Doc. No. 20.)

3. Defendants' Motion for More Definite Statement (Doc. No. 17) is GRANTED.

4. **On or before May 15, 2024**, Plaintiff shall file an Amended Complaint that complies with the following requirements:

    a. The Amended Complaint shall comply with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), Rule 10, and Rule 11.[4]

    b. The Amended Complaint shall not be a shotgun pleading.

---

[4] The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures. Although Rule 10 contemplates incorporation by reference, Plaintiff **shall not** incorporate or refer to factual averments, paragraph numbers, *etc.*, in other pleadings or make any adoptions by reference to other filings or pleadings. *See* L.R. 15.1.

    c.    The Amended Complaint shall comply with the Local Rules for the United States District Court for the Middle District of Alabama.[5]

    d.    The Amended Complaint shall be the full, complete, concise statement of Plaintiff(s) claims <u>without reference to, adoption of, or incorporation of any previous pleadings or filings</u>. *See* L.R. 15.1. The Amended Complaint shall supersede the Complaint that was previously filed in this case. *See Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, 65 F.4th 667, 676 (Fed. Cir. 2023) (stating that "an amended complaint supersedes the previous complaint," therefore "a district court, in considering an amended complaint, should not consider the now 'abandoned' original complaint and its attachments").

    e.    The Amended Complaint shall set forth a short and plain statement of the grounds for the court's jurisdiction. Plaintiff's standing to sue shall be apparent from the face of the Amended Complaint.

    f.    The Amended Complaint must set out in separately numbered paragraphs a short, plain statement of the facts on which Plaintiff bases his claims. The Amended Complaint shall clearly set forth the relevant factual allegations, clearly indicate how the factual

---

[5] The Local Rules for the United States District Court for the Middle District of Alabama can be found at https://www.almd.uscourts.gov/forms/almd-local-rules.

      allegations support each legal claim, and specify exactly which claim(s) Plaintiff is asserting against which Defendant(s). To the extent possible, for each act of alleged unconstitutional, unlawful, or other wrongful conduct by Defendants, Plaintiff should include the date(s) of the alleged wrongful conduct, a description of the alleged wrongful conduct, the names of the Defendant(s) who allegedly engaged in that conduct, and the facts supporting his contention that wrongful conduct occurred.

g.    The Amended Complaint must set out Plaintiff's legal claims in separate counts, with one claim per count, **referencing the specific allegations of fact that support each legal claim**. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b). Counts asserted against fewer than all Defendants shall not be asserted against "Defendants" as an entire group. Rather, as to each separate legal claim, Plaintiff shall expressly name which Defendants are allegedly liable to him with respect to that specific claim, and in what capacity. With respect to each count, the complaint must clearly and specifically identify each relevant Defendant's alleged acts or omissions in a manner sufficient for each Defendant to know how he or she is alleged to be personally involved with the claim and the factual and legal grounds upon which he or she is alleged to be liable.

      h.      The Amended Complaint shall state plainly the relief Plaintiff requests from the court.

      i.      ***Plaintiff is advised that failure to file the Amended Complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Plaintiff is further advised that the Amended Complaint will be screened prior to service in accordance with 28 U.S.C. § 1915(e)(2)(B).***

Further, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that Defendants' Motion to Dismiss be DENIED as moot without prejudice to raise the arguments therein in response to the Amended Complaint.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **May 10, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 26th day of April, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE