IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-166-MHT-JTA |
| ) | (WO) |
| MONTGOMERY HOUSING ) | |
| AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

Before the court is *pro se* Plaintiff Gregory Kelly's filing titled "Plaintiff's Opposing the Defendants' Motion to Extend Time Responding to Plain[t]iff's Amended Complaint, and Plaintiff[] Seeks a Motion for Summary Judg[]ment Under Rule 56 of the Federal Rules of Civil Procedure." (Doc. No. 30.) For the reasons stated below, the motion is CONSTRUED as a motion to reconsider and the motion will be denied.

On May 21, 2024, "[f]or good cause shown and in accordance with Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure," the court granted Defendants' Motion for Extension of Time to Respond to Plaintiff's Amended Complaint. (Docs. No. 28, 29.) Yet, Plaintiff now opposes Defendants' motion for extension of time (Doc. No. 28) on grounds that Defendants failed to show good cause for the requested extension.

Despite Plaintiff's liberal citations to Rule 56 of the Federal Rules of Civil Procedure, which governs motions for summary judgment, the relief Plaintiff seeks is not

consistent with a summary judgment motion.[1] Rather, Plaintiff appears to seek reconsideration of the May 21, 2024 Order (Doc. No. 29) granting Defendants' motion for an extension of time. Further, Plaintiff has failed to demonstrate that he is entitled to relief from the May 21, 2024 Order based on a manifest error of law or fact, or based on newly discovered evidence that was not before the court at the time it ruled on Defendants' motion. *See Holmes v. Fresenius Kidney Care of Tuskegee*, No. 3:21-CV-578-ECM, 2023 WL 2413993, at *1 (M.D. Ala. Mar. 8, 2023) (discussing the applicable standard of review for motions to reconsider nonfinal orders). Further, although no briefing schedule was entered on Defendants' motion for extension of time (Doc. No. 28), had Plaintiff raised his arguments prior to entry of the May 21, 2024 Order, the court would still have found good cause for allowing the extension and would have granted Defendants' motion. In sum, nothing in Plaintiff's motion warrants reconsideration of the May 21, 2024 Order.

Accordingly, the motion titled "Plaintiff's Opposing the Defendants' Motion to Extend Time Responding to Plain[t]iff's Amended Complaint, and Plaintiff[] Seeks a Motion for Summary Judgement Under Rule 56 of the Federal Rules of Civil Procedure" (Doc. No. 24) is CONSTRUED as a motion to reconsider. Further, it is

ORDERED that the motion to reconsider (Doc. No. 24) is DENIED.

---

[1] Summary judgment is appropriate when, as to a claim or defense, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the motion at hand, Plaintiff makes no attempt at such a showing.

DONE this 10th day of June, 2024.

/s/ Jerusha T. Adams
_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE