IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-166-MHT-JTA |
| | ) (WO) |
| MONTGOMERY HOUSING | ) |
| AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the court is *pro se* Plaintiff Gregory Kelly's filing titled "Plaintiff's Motion for Summary Judgment Due to Undisputed Genuine Reasons of Dispute Under Rule 56 of the Federal Rules of Civil Procedure." (Doc. No. 33.) The court CONSTRUES this motion as a motion for reconsideration of its May 21 and June 10, 2024 Orders. (Docs. No. 29, 31.) For the reasons stated below, the motion is due to be denied.

This is the second time Plaintiff has purported to move for "summary judgment"[1] on grounds that Defendants did not meet the original deadline for answering or otherwise responding to the amended complaint. (*See* Doc. No. 30.) On June 11, 2024, Defendants filed their response to the amended complaint. That response was timely. (*See* Doc. No. 29 (granting Defendants' motion for extension of time to answer or otherwise respond and

---

[1] In its June 10, 2024 Order, the court explained why the relief Plaintiff seeks is not summary judgment. (Doc. No. 31.) The court will not repeat that explanation. Titling something as a motion for summary judgment does not make it one.

extending the deadline to June 11, 2024).) The court previously explained this to Plaintiff in conjunction with the denial of his earlier motion in which he raised arguments along the same lines. (Docs. No. 30, 31.) The court has ruled. (Doc. No. 30.) The court will not reconsider its earlier ruling on this issue. This case must move forward.

Plaintiff is ADVISED that further motions on this topic, regardless of how he characterizes them, will be denied summarily.

Plaintiff is further ADVISED that, even as a *pro se* litigant, he must comply with this court's orders, the court's local rules,[2] and the Federal Rules of Civil Procedure,[3] just as any other litigant must do. *Municipality of Dothan v. Hammond*, No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D. Ala. May 22, 2024) ("[T]hough he is *pro se*, [a litigant] is required to comply with court orders and the Federal Rules of Civil Procedure." (citing *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013))). The court interprets the filings of *pro se* parties with some leniency because *pro se* litigants are not trained in the law. *Id*. Even so, Rule 11 of the Rules of Civil Procedure, which applies alike to counsel and unrepresented parties, requires that documents filed with the court shall not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," but shall be "warranted by existing law or by a

---

[2] The Local Rules for the United States District Court for the Middle District of Alabama may be found on the court's website at https://www.almd.uscourts.gov/alabama-middle-district-local-rules.

[3] The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures.

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[4] Fed. R. Civ. P. 11(b)(1)-(2). Violations of Rule 11 and of court orders, including the filing of frivolous motions, may result in imposition of sanctions, including monetary sanctions or an adverse judgment, with or without prejudice. Fed. R. Civ. P. 11(c); *Maus*, 513 F. App'x at 878. Regardless of how the filing party characterizes them, repetitive motions that seek revisitation of prior orders by raising or expanding on previously-rejected arguments[5] are frivolous, waste the court's limited resources, and unnecessarily delay the resolution of the case on the merits. *See Holmes v. Fresenius Kidney Care of Tuskegee*, No. 3:21-CV-578-ECM, 2023 WL 2413993, at *1 (M.D. Ala. Mar. 8, 2023) (explaining that motions to reconsider nonfinal orders are appropriate only in exceptional circumstances where the movant demonstrates "(1) a manifest error of law, (2) manifest error of fact, or (3) newly-discovered evidence"); *see also* Fed. R. Civ. P. 72 (a) (providing a procedure for objecting to nondispostive orders of the magistrate judge, which does not include filing a motion for reconsideration).

Accordingly, Plaintiff's motion (Doc. No. 33) is CONSTRUED as a motion for reconsideration.

---

[4] Additionally, all factual contentions in a document filed with the court must "have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

[5] Motions seeking revisitation of prior orders based on new arguments that could have been raised prior to entry of the challenged order are likewise almost always frivolous, a waste of judicial resources, and an unnecessary source of delay. *See Holmes*, 2023 WL 2413993, at *1 (discussing the standard of review for motions to reconsider nonfinal orders).

Further, it is ORDERED that Plaintiff's motion for reconsideration (Doc. No. 33) is DENIED.

DONE this 28th day of June, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE