IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-166-MHT-JTA |
| | ) (WO) |
| MONTGOMERY HOUSING | ) |
| AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the court is *pro se* Plaintiff Gregory Kelly's filing titled "Second Amended Complaint." (Doc. No. 36.) For the reasons stated below, the court strikes the Second Amended Complaint as a nullity because it was not filed with leave of court.

The Federal Rules of Civil Procedure provide that a party "may amend its [complaint] *once* as a matter of course no later than .... 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1) (emphasis added). After that time, the complaint may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiff has already been allowed one opportunity to amend, and Defendants filed a motion to dismiss the amended complaint.[1] (Docs. No. 23, 26.) At this stage of the

---

[1] By Order entered July 2, 2024, the United States District Judge adopted the April 26, 2024 Recommendation (Doc. No. 23) to deny Defendants' first motion to dismiss (Doc. No. 17) as moot

litigation, having already amended "once," Plaintiff is no longer allowed to amend "as a matter of course," but must first file a motion for leave to amend. Fed. R. Civ. P. 15(a). The court and Defendants will not be caught in an infinite loop of motions to dismiss being mooted by a succession of unilaterally-filed amended pleadings. *See Dietz v. Bouldin*, 579 U.S. 40, 45, 47 (2016) (invoking "Rule 1 [of the Federal Rules of Civil Procedure]'s paramount command: the just, speedy, and inexpensive resolution of disputes" and the federal courts' inherent powers "to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, (1991) (holding that federal courts are vested with inherent powers that are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)).

Plaintiff has been advised that he must adhere to the Federal Rules of Civil Procedure,[2] this court's local rules, and court orders, just like any other litigant.[3] *Kelly v.*

---

in light of the granting of Defendants' alternative motion for more definite statement (Doc. No. 17) and the April 26, 2024 order (Doc. No. 23) directing Plaintiff to amend the complaint.

[2] Plaintiff has also been advised that, though the court interprets the filings of *pro se* litigants with some leniency, Rule 11 of the Federal Rules of Civil Procedure applies to unrepresented parties and requires, among other things, that documents filed with the court "shall not be 'presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" *Kelly v. Montgomery Housing Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637, at *1 (M.D. Ala. June 28, 2024 (quoting Fed. R. Civ. P. 11(b)(2)).

[3] As Plaintiff has been previously advised, the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Middle District of Alabama are available on the court's website.

2

*Montgomery Housing Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637, at *1 (M.D. Ala. June 28, 2024) ("Plaintiff is further ADVISED that, even as a pro se litigant, he must comply with this court's orders, the court's local rules, and the Federal Rules of Civil Procedure, just as any other litigant must do." (citing *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013)). The rules exist to facilitate "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiff has numerous cases pending in this court. "If, in his frequent cases, [Plaintiff] is not held to the same standard as other litigants and required to timely comply with court orders" and the Rules of Civil Procedure, "(particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of justice and judicious use of limited court resources will be and is palpable in other cases and matters before the court." *Smith v. City of Montgomery*, No. 2:22-CV-196-MHT-JTA, 2023 WL 7290460, at *4 (M.D. Ala. Oct. 16, 2023), *report and recommendation adopted sub nom. Smith v. City of Montgomery, Alabama*, No. 2:22-CV-196-MHT, 2023 WL 7287879 (M.D. Ala. Nov. 3, 2023).

Accordingly, it is ORDERED that Plaintiff's Second Amended Complaint is STRICKEN.

Plaintiff is ADVISED that he shall not file further amended pleadings without first filing a motion and obtaining leave of court to do so (or, alternatively, without filing written consent of all Defendants to do so).

DONE this 3rd day of July, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE