IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GREGORY KELLY,                         )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )   CASE NO. 2:24-cv-166-MHT-JTA
                                       )   (WO)
MONTGOMERY HOUSING                     )
AUTHORITY, et al.,                     )
                                       )
          Defendants.                  )

## ORDER

Before the court is *pro se* Plaintiff Gregory Kelly's filing titled "Plaintiff Seeks Consent Motion for Leave to File Second Amended Complaint." (Doc. No. 40.)

Plaintiff's motion is not a "consent motion," despite its title and internal references to the motion as a "consent motion." (Doc. No. 40 at 1, 5.) A "consent motion" denotes a motion filed by one party on behalf of all parties with the opposing parties' express consent, or one that requests relief to which all parties have expressly consented. The consent of the opposing parties must be adequately documented in the consent motion or its attachments. Plaintiff does not allege that Defendants have consented to allowing his proposed amendment, nor does he provide any evidence that they have done so.

Plaintiff knows that the Rules of Civil Procedure allow amendment with Defendants' **written consent**. (Doc. No. 38 at 1 (informing Plaintiff that a complaint may be amended at this stage of the proceedings "'the complaint may be amended only with the opposing party's written consent or the court's leave'" (quoting Fed. R. Civ. P. 15(a)(2)).

Nevertheless, the court recognizes that Plaintiff is *pro se* and will, this once, grant him the benefit of the doubt that he did not know he mischaracterized his motion (and also may have mischaracterized Defendants' position on the motion) when he referred to his motion as a "consent motion." ***Going forward, Plaintiff will be held responsible for any mischaracterization of a motion as a "consent motion," which may include imposition of monetary sanctions, if necessary.***

Upon review of the motion, the court concludes that Defendants should be allowed an opportunity to respond to Plaintiff's motion to amend and indicate their consent or objection, as applicable.

Accordingly, the Clerk of the Court is DIRECTED to correct the docket sheet to reflect that the motion (Doc. No. 40) is a motion for leave to amend the complaint, not a consent motion for leave to amend. Further, it is

ORDERED that, **on or before July 17, 2024**, Defendants shall show cause in writing as to why Plaintiff's motion to amend (Doc. No. 40) should not be granted. Upon the filing of the Defendants' response, the motion will be deemed under submission and ***no further briefs on the issue will be permitted absent leave of court***.

This case must move forward.

DONE this 10th day of July, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

2