IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-166-MHT-JTA |
| | ) | |
| MONTGOMERY HOUSING | ) | (WO) |
| AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the Amended Complaint filed by *pro se* Plaintiff Gregory Kelly. (Doc. No. 26.) Also before the court are the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Montgomery Housing Authority ("MHA"), Glynnis Tanner, John Knight, Sonya Mocks, Edwin Bertarelli, Frank Brown, Iesha Brooks, Ja'Mese Hawkins, Shirley Smith, and Willie Durham (Doc. No. 32), Kelly's Motion for Leave to File Second Amended Complaint (Doc. No. 40), Kelly's "Spoliation Motion to Protect and Preserve Incriminating Evidence Because the Defendants are Motivated to Destroy Key Evidence About RICO Claims" (Doc. No. 42), Kelly's "Motion in Opposition to Defendant's Motion to Dismiss and Motion to Add Documents" (Doc. No. 43), Kelly's "Motion to Strike Defendants['] Opposition to Motion to Amend Kelly's First Amended Complaint" (Doc. No. 45), and Kelly's "Motion to Enter Scheduling And Case Management Order or In the Alternative A Default Summarty (sic) Judgment Under Rule 56(c) of the F.R.C.P." (Doc. No. 46.)

1

For the reasons stated below, the court denies Kelly's motions. (Docs. No. 40, 42, 43, 45, 46.) In addition, the undersigned recommends Defendants' motion to dismiss (Doc. No. 32) be granted and this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

## I.    JURISDICTION

Pursuant to 28 U.S.C. § 636, "this case [was referred] to the undersigned United States Magistrate Judge for all pretrial proceedings and entry of any order or recommendations as may be appropriate." (Doc. No. 4.)

This court has subject matter jurisdiction over this action based on federal question jurisdiction because at least some of Kelly's causes of action arises under the Constitution and laws of the United States.[1] 28 U.S.C. § 1331. The court also may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

The parties do not contest personal jurisdiction over this action or venue, and the court finds sufficient allegations to support both in the Middle District of Alabama.

## II.    STANDARD OF REVIEW

A.    Motion to Dismiss

---

[1] Though Kelly's Amended Complaint is not a model of clarity, it is possible to discern that he seeks relief for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and a number of federal civil rights statutes, including 42 U.S.C. §§ 1981, 1983, 1985, and 1991. (Doc. No. 26 at 2, 7-8.) He also seeks relief under several federal nondiscrimination statutes, such as Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e–5(f)(1). (*Id.*) Although this is not an exhaustive list of the provisions of the United States Constitution and federal laws under which Kelly asserts his claims, it is sufficient to establish the existence of federal question jurisdiction under 28 U.S.C. § 1331.

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Because it is not drafted by an attorney, the complaint of a *pro se* plaintiff must be liberally construed. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft*, 556 U.S. at 678, and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) ("While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." (internal citations and quotation marks omitted)). The complaint's factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson*, 551 U.S. at 93 (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678; *see also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Moreover, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011).

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll*., 77 F.3d 364, 367 (11th Cir. 1996). "Complaints that violate either Rule 8(a)(2) or Rule 10(b) [of the Federal Rules of Civil Procedure], or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off*., 792 F.3d 1313, 1320 (11th Cir. 2015). "All shotgun pleadings share two characteristics in common." *Dorman v. Palm Beach Cnty*., No. 19-81538-CIV, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020). First, shotgun

complaints "'fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Id.* (quoting *Weiland*, 792 F.3d at 1323). Second, shotgun complaints "'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). As the court has previously explained to Kelly, the Eleventh Circuit has defined shotgun pleadings as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1323 (footnotes omitted).

Prior to dismissal of a complaint for failure to state a claim upon which relief can be granted, a *pro se* plaintiff generally must be afforded "*at least one*" opportunity to amend the complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab*, 885 F.3d at 1291 (emphasis added) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991),

*overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* only as to plaintiffs who are represented by attorneys). Where a plaintiff fails to comply with an order to file an amended complaint to cure shotgun pleading issues, the case may be dismissed with or without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the court's inherent powers to ensure compliance with its orders. *See Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-CV-702-RAH-JTA, 2024 WL 2755683, at **10-11 (M.D. Ala. May 29, 2024) (Order and Recommendation of the Magistrate Judge) (collecting cases and recommending dismissal with prejudice for failure to comply with the court's prior orders to cure a shotgun complaint).

B.    Motion for Leave to Amend

A district court's discretion to deny leave to amend a complaint is "severely restricted" by Fed. R. Civ. P. 15(a), which stresses that courts should freely give leave to amend "when justice so requires." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). The policy of liberally favoring amendment exists to facilitate determination of claims on their merits, rather than allowing litigation to become a survival exercise in the technical points of pleading. *Davis v. Delta Air Lines, Inc.*, No. 18-25361-CIV, 2019 WL 13261027, at *2 (S.D. Fla. May 30, 2019) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. November 5, 1981)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a

proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Despite Rule 15(a)'s "mandate" that leave to amend is to be freely given when justice requires, leave to amend *may* be denied for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182.

C.    Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See Sanders v. Trump*, No. 2:22-CV-691-MHT-JTA, 2022 WL 18830740, at *1 (M.D. Ala. Dec. 22, 2022) (discussing the standard of review for striking pleadings), *report and recommendation adopted*, No. 2:22CV691-MHT, 2023 WL 2145509 (M.D. Ala. Feb. 21, 2023). The Federal Rules of Civil Procedure do not specifically provide for motions to strike material other than material in "a pleading." Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7(a) (defining "pleadings" as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer").

Where, as here, a "motion to strike" is not directed at a pleading or portion thereof, the court will "'overlook the technicality that the Federal Rules specifically provide only for motions to strike pleadings and instead rule on the substance of the motion.'" *Pereira*

*v. Gunter*, No. 2:23-cv-5-ECM-JTA, 2023 WL 8937582, at *4 (M.D. Ala. Dec. 27, 2023) (quoting *Carter v. City of Montgomery*, No. 2:15-cv-555-WKW, 2015 WL 13846254, at *1 (M.D. Ala. Nov. 24, 2015) (citing in turn *Argonaut Midwest Ins. Co. v. McNeilus Truck & Mfg., Inc.*, No. 1:11-CV-3495-TWT, 2013 WL 489141, at *1 (N.D. Ga. Feb. 8, 2013) (collecting cases))). The power to strike documents that are not pleadings falls within the scope of "the court's obligation and inherent power to efficiently manage its docket and enforce its own orders and the [Federal] Rules of Civil Procedure." *Carter*, 2015 WL 13846254, at *1.

In addition, in considering whether to strike material from the record, the court must be mindful of the public's First Amendment right of access to court proceedings and "the fact that motions to strike and seal are viewed with disfavor given this public right." *Zipper v. Kline & Specter, P.C.*, Case No. 6:16-cv-712-ORL-DCI, 2017 WL 3113453, at *1 (M.D. Fla. Apr. 11, 2017); *Lombard v. Baker*, No. 2:22-cv-328-ECM-JTA, 2023 WL 8421766, at *1 (M.D. Ala. Jan. 30, 2023) ("Under federal common law, there is a presumption that judicial records are public documents," including material filed with substantive nondiscovery pretrial motions); *Pettaway v. Barber*, 645 F. Supp. 3d 1269, 1276 (M.D. Ala. 2022) (explaining that "public access is … important to ensuring the transparency, integrity, and democratic legitimacy of the courts").

D.    Dismissal for Failure to Comply with Court Orders and the Federal Rules of Civil Procedure

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla.*

*Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and also pursuant to Rule 41(b)[2] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967));[3] *see also* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should

---

[2] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

[3] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Chambers*, 501 U.S. at 43 (holding that federal courts are vested with inherent powers "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Equity Lifestyle*, 556 F.3d at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). "[S]uch dismissal [with prejudice] is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520.

### III.    PROCEDURAL HISTORY

In 2024, Kelly filed eight separate actions *pro se* in the Middle District of Alabama against numerous Defendants.[4] Throughout his conglomeration of civil actions, Kelly

---

[4] *See Kelly v. Ala. Alcohol Control Bd.*, *et al.*, Case No. 2:24-cv-00575-ECM-CWB; *Kelly v. Elite Roofing, LLC, et al.*, Case No. 2:24-cv-00388-MHT-JTA; *Kelly v. Montgomery County and City*

alleges numerous discriminatory acts and constellations of conspiracies by various entities, individuals, and state governmental agencies. Four of those actions were[5] referred to the undersigned. This is one of those actions.

On February 5, 2024, Kelly filed[6] this action against the Montgomery Housing Authority and against nine individuals, in their individual capacities and in their capacities as officials of the Montgomery Housing Authority. (Doc. No. 1-1 at 2-4.) He alleged Defendants have been conspiring against him since 1998 to silence him from speaking out about health, safety, and equal-pay issues, they placed him on a "do not hire" list and refused to provide him reasonable employment accommodations for disabilities, they retaliated against him in violation of protections for employees arising under Alabama law, and they committed "environmental fraud and toxic tort crimes" and various other tortious and unlawful acts. (Doc. No. 1-1 at 2-17.)

On April 26, 2024, the undersigned entered an Order and Recommendation granting a motion for more definite statement filed by Defendants, recommending denial of a

---

Board, et al., Case No. 2:24-cv-00362-ECM-KFP; *Kelly v. Montgomery Water Works & Sanitary Sewer Bd., et al.*, Case No. 2:24-cv-00348-RAH-JTA; *Kelly v. Ala. Dept. of Rehab. Servs., et al.*, Case No. 2:24-cv-00343-ECM-SMD; *Kelly v. Montgomery Real Estate Buyers LLC, et al.*, Case No. 2:24-cv-00297-RAH-KFP; *Kelly v. Montgomery Reg'l Airport, et al.*, Case No. 2:24-cv-00266-RAH-SMD; *Kelly v. Montgomery Hous. Auth., et al.*, Case No. 2:24-cv-00166-MHT-JTA.

[5] Of the four cases originally assigned to the undersigned, one was recently reassigned to another Magistrate Judge as referral judge on December 3, 2024: *Kelly v. Alabama Department of Rehabilitation Services, et al.*, Case No. 2:24-cv-00343-ECM-SMD.

[6] Kelly paid the filing fee in this action and is not proceeding *in forma pauperis*.

pending motion to dismiss as moot,[7] explaining the pleading deficiencies in Kelly's original complaint (including shotgun pleading issues), and providing Kelly one opportunity to amend his complaint. (Doc. No. 23.) The court specifically noted the following deficiencies in Kelly's original complaint:

> Rule 8 of the Federal Rules of Civil Procedure requires a complaint to "contain . . . a short and plain statement showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's factual allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The point of these requirements is to enable the opposing parties to respond adequately and appropriately to the claims against them, and to allow the court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*[, 792 F.3d at 1320] (internal citations omitted). As Defendants correctly indicate in their Motion for More Definite Statement, Plaintiff's Complaint fails to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure to such an extent that it fails to fairly place Defendants on notice of the claims against each of them and the factual basis upon which each of those claims rests. (Doc. No. 17 at 7-8.)
>
> Plaintiff's Complaint constitutes a "shotgun pleading" that does not comply with the Federal Rules of Civil Procedure. To start with, the Complaint contains numerous factual allegations regarding a wide range of allegedly wrongful conduct, but fails to specify which factual allegations pertain to which claims against which of the numerous Defendants in their individual and/or official capacities. Plaintiff fails to explain what specific act(s) each individual defendant allegedly did, in what capacity and when, that gave rise to each of his claims. *Cf. Weiland*, 792 F.3d at 1323 (noting that shotgun complaints include those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions").
>
> Furthermore, Plaintiff asserts "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," or, for that matter, to any particular Defendant. *Id*. at 1322. The Complaint contains fourteen

---

[7] By Order entered July 2, 2024, the United States District Judge adopted the April 26, 2024 Recommendation (Doc. No. 23) to deny Defendants' first motion to dismiss (Doc. No. 17) as moot in light of the granting of Defendants' alternative motion for more definite statement (Doc. No. 17) and the April 26, 2024 order (Doc. No. 23) directing Kelly to amend the complaint.

different counts, ranging from toxic torts to age discrimination in employment. Each count adopts all the factual allegations in the Complaint, thus incorporating wholly irrelevant factual allegations in every count while simultaneously obfuscating which factual allegations give rise to which causes of action. In short, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson*[,77 F.3d at 366].

In addition, as Defendants point out, several of the exhibits Plaintiff attached to his Complaint appear to contradict the factual allegations in the Complaint, further confusing the issues. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

For these reasons, although their motion to dismiss indicates their valiant effort to do so, Defendants cannot be adequately certain of which claims are levelled against them or factual allegations on which Plaintiff's causes of action rest. As a result, the pleading deficiencies deprive Defendants of the ability to fully respond to the Complaint. *Weiland*, 792 F.3d at 1323.

(Doc. No. 23 at 4-6 (footnotes omitted)).[8]

The court set a deadline of May 15, 2024, for Kelly to amend and provided the

following instructions for amendment:

    a.    The Amended Complaint shall comply with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), Rule 10, and Rule 11.

    b.    The Amended Complaint shall not be a shotgun pleading.

    c.    The Amended Complaint shall comply with the Local Rules for the United States District Court for the Middle District of Alabama.

---

[8] The April 26, 2024 Order and Recommendation can be found at *Kelly v. Montgomery Hous. Auth.*, No. 2:24-cv-166-MHT-JTA, 2024 WL 1837195 (M.D. Ala. Apr. 26, 2024), *report and recommendation adopted*, No. 2:24-cv-166-MHT, 2024 WL 3290734 (M.D. Ala. July 2, 2024).

d.    The Amended Complaint shall be the full, complete, concise statement of Plaintiff(s) claims <u>without reference to, adoption of, or incorporation of any previous pleadings or filings</u>. *See* L.R. 15.1. The Amended Complaint shall supersede the Complaint that was previously filed in this case. *See Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc*., 65 F.4th 667, 676 (Fed. Cir. 2023) (stating that "an amended complaint supersedes the previous complaint," therefore "a district court, in considering an amended complaint, should not consider the now 'abandoned' original complaint and its attachments").

e.    The Amended Complaint shall set forth a short and plain statement of the grounds for the court's jurisdiction. Plaintiff's standing to sue shall be apparent from the face of the Amended Complaint.

f.    The Amended Complaint must set out in separately numbered paragraphs a short, plain statement of the facts on which Plaintiff bases his claims. The Amended Complaint shall clearly set forth the relevant factual allegations, clearly indicate how the factual allegations support each legal claim, and specify exactly which claim(s) Plaintiff is asserting against which Defendant(s). To the extent possible, for each act of alleged unconstitutional, unlawful, or other wrongful conduct by Defendants, Plaintiff should include the date(s) of the alleged wrongful conduct, a description of the alleged wrongful conduct, the names of the Defendant(s) who allegedly engaged in that conduct, and the facts supporting his contention that wrongful conduct occurred.

g.    The Amended Complaint must set out Plaintiff's legal claims in separate counts, with one claim per count, **referencing the specific allegations of fact that support each legal claim**. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b). Counts asserted against fewer than all Defendants shall not be asserted against "Defendants" as an entire group. Rather, as to each separate legal claim, Plaintiff shall expressly name which Defendants are allegedly liable to him with respect to that specific claim, and in what capacity. With respect to each count, the complaint must clearly and specifically identify each relevant

> Defendant's alleged acts or omissions in a manner sufficient
> for each Defendant to know how he or she is alleged to be
> personally involved with the claim and the factual and legal
> grounds upon which he or she is alleged to be liable.
>
> h.    The Amended Complaint shall state plainly the relief Plaintiff
> requests from the court.
>
> i.    ***Plaintiff is advised that failure to file the Amended
> Complaint in compliance with the requirements of this
> Order may constitute grounds for dismissal for failure to
> prosecute this case and for failure to comply with the court's
> orders. Plaintiff is further advised that the Amended
> Complaint will be screened prior to service in accordance
> with 28 U.S.C. § 1915(e)(2)(B).***

(Doc. No. 23 at 9-12 (footnotes omitted, emphasis in original).)

Kelly filed his Amended Complaint on May 13, 2024. (Doc. No. 26.) Defendants

filed their motion to dismiss the Amended Complaint on June 11, 2024. (Doc. No. 32.) On

June 17, 2024, the court entered an order requiring that, "[o]n or before July 3, 2024, the

plaintiff shall show cause in writing as to why the motion [to dismiss (Doc. No. 32)] should

not be granted." (Doc. No. 34 at 1.)

Rather than timely respond to the motion to dismiss, on July 1, 2024, Kelly filed a

Second Amended Complaint, which the undersigned struck on July 3, 2024, because Kelly

filed it without leave of court or consent of the opposing parties in violation of Rule 15(a)

of the Federal Rules of Civil Procedure.[9] (Docs. No. 36, 38.) On July 9, 2024, Kelly filed

---

[9] The undersigned has observed that, in a number of his pending cases, Kelly has filed or attempted
to file amended complaints instead of filing responses to motions to dismiss as ordered. By all
indications, Kelly appears to be avoiding (or attempting to avoid) complying with orders to address
the merits of the motions to dismiss by mooting them with amended pleadings that do not cure the
deficiencies raised in the motions to dismiss or the shotgun pleading issues. As the court has
explained to Kelly, although leave to amend shall be freely given where justice so requires, "[t]he

a motion for leave to file a Second Amended Complaint. (Doc. No. 40.) He attached to the motion a proposed amended complaint, which repeats many of the same shotgun pleading errors as contained in Kelly's previous pleadings. On July 16, 2024, Defendants filed a brief in opposition to the motion for leave to amend. (Doc. No. 44.)

On July 12, 2024, Kelly filed a belated response to the motion to dismiss, which he titled "Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss, and Plaintiff's Motion to Add Documents to Challenge the Defendants' False Affidavit." (Doc. No. 43.)

The motions are ready for review and disposition.

## IV.   DISCUSSION

A.   Motion to Dismiss (Doc. No. 32)

As Defendants point out in their motion to dismiss, Kelly did not adequately comply with the instructions in the April 26, 2024 Order, and his Amended Complaint carries forward many of the shotgun pleading deficiencies of the original. Thus, Kelly's Amended Complaint constitutes a "shotgun pleading" that does not comply with the Federal Rules of Civil Procedure. Like the original Complaint, the Amended Complaint contains numerous factual allegations regarding a wide range of allegedly wrongful conduct, but fails to specify which factual allegations pertain to which claims against which of the numerous Defendants in their individual and/or official capacities. Kelly fails to explain what specific act(s) each individual defendant allegedly did, in what capacity and when,

---

court and Defendants will not be caught in an infinite loop of motions to dismiss being mooted by a succession of unilaterally-filed amended pleadings." (Doc. No. 38 at 2.)

that gave rise to each of his claims.[10] *Cf. Weiland*, 792 F.3d at 1323 (noting shotgun complaints include those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions").

The Amended Complaint contains fourteen different counts, ranging from age discrimination in employment to RICO conspiracies involving gambling, drugs, dog fighting, and sex and human trafficking. Each count adopts all the factual allegations in the Amended Complaint, thus incorporating wholly irrelevant factual allegations in every count while simultaneously obfuscating which factual allegations give rise to which causes of action. Moreover, review of the incorporated factual averments reveals some counts do not appear to have much, if anything, in the way of corresponding factual allegations. In addition, as Defendants point out, as with the exhibits attached to the original complaint, several of the exhibits Kelly attached to his Amended Complaint appear to contradict the factual allegations in the Amended Complaint, further confusing the issues. *See Hoefling*, 811 F.3d at 1277 ("A district court can generally consider exhibits attached to a complaint

---

[10] For instance, in the April 26, 2024 Order, the court pointed out that one example of this type of shotgun pleading problem was Kelly's vague, conclusory allegation that he "was denied a job interview because [he] raised concerns about public safety and 'equal pay for equal work' issues at the MHA agency." (Doc. No. 1-1 at 6 ¶ 15; Doc. No. 23 at 5 n.2.) The court explained that such an allegation failed to put each Defendant on notice of the basis for the claims against them because the allegation "fail[ed] to indicate how any particular Defendant participated in the denial of the job interview." (Doc. No. 23 at 5 n.2.) Kelly's Amended Complaint contains essentially the same factual allegation, without elaboration. (Doc. No. 26 at 3 ¶ 11 ("Since about 1998[], Plaintiff Kelly have been denied job interviews and employment opportunities by these Defendants for raising concerns about public safety issues and for raising issues about 'equal pay -for equal work' issues at the MHA and other city and county Montgomery, AL department agencies.") (sic).) Again, based on this allegation and similar ones, Kelly asserts various employment discrimination claims against all Defendants as a group, without differentiating the factual or legal grounds upon which each Defendant is purportedly liable.

in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."). In short, Kelly again asserts "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," or, for that matter, to any particular Defendant, *Weiland*, 792 F.3d at 1323, and "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *Anderson*, 77 F.3d at 366.

These are a few (but not all) of the reasons the Amended Complaint repeats many of the pleading errors Kelly was given leave to correct, fails to state a claim upon which relief can be granted, fails to comply with the Federal Rules of Civil Procedure, and fails to comply with the instructions in the April 26, 2024 order. Accordingly, the motion to dismiss (Doc. No. 32) is due to be granted.

B.     Motion for Leave to Amend (Doc. No. 40)

Attached to Kelly's motion for leave to amend is Kelly's proposed Second Amended Complaint, which is forty-nine pages long and includes one hundred eighty-five separately numbered paragraphs. (Doc. No. 40-1.) In it, Kelly asserts twenty counts alleging Defendants are liable on a wide variety of claims. Kelly attaches eighteen exhibits to the proposed Second Amended Complaint. (Docs. No. 40-2 through 40-19.)

Kelly's proposed Second Amended Complaint, like his original and Amended Complaints, is a shotgun complaint that does not comply with Rule 8 of the Federal Rules of Civil Procedure or the instructions the court provided in its order to amend. As Kelly states:

The only difference between the Second and the First Amended Complaints is that the Plaintiff outlined the monetary relief sought and the Second Amended Complaint links and ties the Defendants in RICO Act arson, dog fighting[], and drugs, guns and sex human trafficking crimes with Rhonda Webster, Jennifer Webster, and Ratboi Vacopaid Webster who are present and/ or formal MHA Section 8 HCVP holders and business associates.

(Doc. No. 40 at 2 (sic).)

In the proposed Second Amended Complaint, Kelly continues to accuse all "MHA Defendants"[11] of various tortious, conspiratorial, and otherwise nefarious acts, without specifying what each Defendant did to participate in or further those acts.[12] Kelly's factual

---

[11] "MHA Defendants," as used in Kelly's proposed Second Amended Complaint, appears to refer to Defendant MHA, as well as Defendants Glynis Tanner, John Knight, Sonya Mocks, Edwin Bertarelli, Frank Brown, Iesha Brooks, Ja' Mese Hawkins, Shirley Smith, Willie Durham and Christalyn Moore in their individual and official capacities. (Doc. No. 40-1 at 4 ¶ 13.) There do not appear to be any other Defendants, although others are named in the proposed Second Amended Complaint as the perpetrators of various wrongful acts.

[12] The following are representative examples of factual averments against all Defendants that fail to place each Defendant on notice of what acts or omissions he, she, or it is alleged to have done to give rise to liability:

The Plaintiff contends that Defendants have been conspiring against him since 1998 to silence him from speaking out about health, safety, and equal-pay issues, that they placed him on a "do not hire" list and refused to provide him reasonable employment accommodations for disabilities, that they retaliated against him as in violation of protections for employees arising under Alabama law, and that they committed "environmental fraud and toxic tort crimes" and various other tortious and unlawful acts.

. . . .

Plaintiff Kelly additionally says that the MHA Defendants and the Defendants' HUD Contractors have also used Section 182 of the state 1901 Constitutional racist laws to reject and discard Highly Qualified Nonwhite, Elderly and Disabled Job Applicants

….

In these safety and inspection frauds, the MHA Defendants have hired and contracted with fake and phony M/W /DBE contractors who are rigging, fixing,

averments (many of which are vague and conclusory) run the gamut from allegations relating to employment discrimination against him personally, to allegations of discriminatorily-motivated toxic torts against various groups of people, to allegations of attempts to silence him for complaining about crimes in Section 8 housing such as kidnappings and dog fighting rings. (Doc. No. 40-1 at 1-12 ¶¶ 1-45.) In each count of the proposed Second Amended Complaint, Kelly incorporates *all* of his factual averments by reference. Thus, it is impossible to determine which factual averments are intended to support which cause of action. *Cf. Weiland*, 792 F.3d at 1323 (explaining that a common type of shotgun complaint is one "that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). Furthermore, Kelly asserts fifteen of the twenty counts in the Second Amended Complaint against all Defendants without specifying which Defendants are responsible for which acts or omissions. *Cf. Weiland*, 792 F.3d at 1323 (noting that shotgun complaints include those

---

manipulating and tampering with OSHA's and REAC safety and health inspection reports.

. . . .

Plaintiff Kelly says in violations of the Equal Protection Clause of the 14th Amendment to the Constitution of the U.S, the MHA Defendants were enforcing old, outdated, and racial laws and customs such as the Defendants Public Housing Not-in-My-Back-Yard ("NIMBY") rules for affluent, powerful white land owners while poor, powerless and non- powerful real estate owners were "mostly subjected" to the MHA's Public Housing racist rules, bylaws and customs of Put-In-[slur redacted]'s Back-Yard ("PINBY") laws.

(Doc. No. 40-1 at 3 ¶ 6, 6 ¶ 23 (sic).)

that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions").

Kelly's proposed Second Amended Complaint, if filed, would be stricken *sua sponte* because it is a shotgun pleading. *Youngblood v. Bradford*, No. 2:22-CV-386-JTA, 2024 WL 1143501, at *3 (M.D. Ala. Mar. 15, 2024) (collecting cases and explaining that, "where a shotgun complaint" is so deficient that it "risks hindering joinder of the issues, evaluation of the plaintiff's claims, and the fair and efficient management of the case, the Court must *sua sponte* order repleader"); *see also Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-CV-702-RAH-JTA, 2024 WL 2755683, at **10-11 (M.D. Ala. May 29, 2024) (Order and Recommendation of the Magistrate Judge) (collecting cases and recommending dismissal with prejudice for failure to comply with the court's prior orders to cure a shotgun complaint). Accordingly, the proposed amendment is futile, and allowing it would unnecessarily prolong this action at the expense of significant judicial resources to the prejudice of Defendants and the court. In addition, the proposed Second Amended Complaint is a continuation of Kelly's repeated failures to cure pleading errors despite being given a previous opportunity and specific instructions to amend. Hence, Kelly's motion to amend is due to be denied. *Foman*, 371 U.S. at 182 (holding that leave to amend may be denied for such reasons as "undue delay, … repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

The motion to amend is due to be denied.

21

C.    Motion to Strike (Doc. No. 45)

Kelly's motion to strike is not directed at a pleading or portion thereof. The court will "'overlook the technicality that the Federal Rules specifically provide only for motions to strike pleadings and instead rule on the substance of the motion.'" *Pereira*, 2023 WL 8937582, at *4 (quoting *Carter*, 2015 WL 13846254, at *1). Defendants' motion to dismiss was not filed in bad faith, nor does it contain irrelevant or scandalous material, nor is there any particular reason to strike it. Defendants had a right, under Rule 12 of the Federal Rules of Civil Procedure, to file a motion to dismiss. Thus, there is no need to invoke the court's inherent powers to manage its docket and enforce compliance with its orders and the Federal Rules of Civil Procedure. *Carter*, 2015 WL 13846254, at *1 (noting the power to strike documents that are not pleadings arises from the court's "inherent power to efficiently manage its docket and enforce its own orders and the [Federal] Rules of Civil Procedure"). Additionally, striking the motion to dismiss would be contrary to the public's First Amendment right of access to court proceedings. *Pettaway*, 645 F. Supp. 3d at 1276 (explaining that "public access is … important to ensuring the transparency, integrity, and democratic legitimacy of the courts").

For these reasons, the motion to strike is due to be denied. However, the court recognizes Kelly's purpose in filing the motion is, essentially, to oppose Defendants' motion to dismiss with an untimely filing. Kelly may rest assured, when assessing the merits of Defendants' motion, the court considered the arguments raised in his motion to strike, even though he filed the motion well after briefing on the motion to dismiss had closed. (*See* Doc. No. 34.)

D.    Motion in Opposition to Defendant's Motion to Dismiss (Doc. No. 43) and Motion to Add Documents (Doc. No. 43)

The motion in opposition to defendant's motion to dismiss and the motion to add documents are due to be denied. The motion in opposition to defendant's motion to dismiss is, in essence, Kelly's untimely response brief, and the undersigned considered all arguments raised in it when assessing the merits in the motion to dismiss. There is no need for Kelly to move separately for a ruling in his favor on another party's motion. Accordingly, the motion in opposition to defendant's motion to dismiss is due to be denied.

In the motion to add documents, Kelly argues certain documents he wishes the court to include in the record should be considered in assessing the merits of the motion to dismiss. To the extent Kelly's motion to add documents seeks leave to file the documents in question, the motion is moot, because Kelly already filed the documents with the motion. (Docs. No. 43-2 through 43-33.) To the extent Kelly is requesting the court to consider documents outside the pleadings in accordance with Rule 12(d) of the Federal Rules of Civil Procedure, the undersigned declines to consider those documents because they do not cure the pleading deficiencies and, thus, they do not affect the court's analysis of the merits of the motion to dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." (emphasis added)). Accordingly, the motion to add documents is due to be denied.

23

E.    Spoliation Motion (Doc. No. 42)

Kelly seeks an order requiring Defendants to preserve evidence, arguing Defendants "are motivated to avoid costly fed sanctions, plus long prison times due to RICO Act Crimes by and through a pattern of racketeering activities consisting of mail, wire, TV, radio, and 'polluting[] for profit crimes.'" (Doc. No. 42 at 1 (sic).) He proceeds to make various allegations bordering on the scandalous and fantastical; the court will not here repeat those allegations. Kelly argues the court "should immediately issue a motion to prevent the Defendants and their lawyers and employees from destroying key evidence." (*Id*. (sic).)

An order directing Defendants to preserve evidence is unnecessary for two reasons. First, as explained, *infra*, in this Order and Recommendation, the case is due to be dismissed with prejudice on grounds Kelly has not complied with the court's orders or with the Federal Rules of Civil Procedure. Thus, Kelly's motion is moot. Second, Kelly's only ground for his motion is that Defendants are motivated to avoid civil and criminal liability. Kelly presents no evidence that Defendants are currently destroying evidence or that they will imminently do so. All defendants in every case have a motive to avoid liability, but that alone does not justify a prospective order to preserve documents. Defendants' counsel are already aware of "the obligation of a civil litigant to preserve relevant information, including electronically stored information, that is anticipated to be relevant." *Health Mgmt. Assocs., Inc. v. Salyer*, No. 14-14337-CIV, 2015 WL 12778793, at *1 (S.D. Fla. Aug. 19, 2015). Furthermore, should evidence be destroyed in violation of the Federal Rules of Civil Procedure, remedies would be available. *See, e.g.*, Fed. R. Civ. P. 37(e)

(providing for remedies in the event that "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it").

For these reasons, Kelly's spoliation motion is due to be denied.

F.      Motion to Enter a Scheduling Order (Doc. No. 46) and Motion for Summary Judgment (Doc. No. 46)

Kelly contends Defendants are obligated to participate in a Rule 26(f) conference and to engage in discovery, but they have refused to do so. He seeks an order compelling Defendants to engage in a discovery conference, or, alternatively a "default motion for summary judgment." (Doc. No. 46.) Discovery is premature at this point, largely because Kelly keeps filing and attempting to file amended shotgun complaints that must be addressed before discovery can begin. *See* Fed. R. Civ. P. 26(d)(1) (noting "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Additionally, in light of the recommendation that this case be dismissed, discovery likely will not be had in this case.[13] The motion for an order requiring Defendants to engage in a discovery conference is due to be denied.

Furthermore, as Kelly knows, his "summary judgment" motion is not truly a summary judgment motion and is entirely inappropriate. Kelly contends he is entitled to "default summary judgment" on grounds that, because Defendants have not followed the Federal Rules of Civil Procedure in the manner in which Kelly (incorrectly) contends they

---

[13] In the event that the United States District Judge does not accept the recommendation of dismissal, discovery will proceed in due course, and Kelly's motion is superfluous.

should, the facts are somehow undisputed, and he is entitled to judgment as a matter of law. He makes no showing of evidence demonstrating the allegedly undisputed facts, nor does he present legal authority demonstrating he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (regarding the requirements for summary judgment motions).

Numerous times in multiple cases, the court has explained to Kelly that is not how summary judgment works, and the court has warned him to stop filing motions for "summary judgment" that do not comply with Rule 56, that are not, in fact, summary judgment motions,[14] and that rest on grounds the court has previously explained to Kelly are meritless. *See Kelly v. Elite Roofing, LLC*, Case No. 2:24-CV-388-MHT-JTA, 2024 WL 4994508, at *3 n.6 (M.D. Ala. Dec. 5, 2024) ("'In its June 10, 2024 Order, the court explained why the relief Plaintiff seeks is not summary judgment. . . . The court will not repeat that explanation. Titling something as a motion for summary judgment does not make it one.'" (quoting *Kelly v. Montgomery Housing Authority*, Case No. 2:24-CV-388-MHT-JTA, 2024 WL 3240637, at *1 n.1 (M.D. Ala. June 28, 2024)). The court has also advised Kelly "he will be subject to sanctions if he continues to clutter the dockets with motions and other filings containing repeat attempts at raising the same frivolous

---

[14] This time, Kelly quotes from case law regarding motions for summary judgment. (Doc. No. 46 at 7 ("**CONCLUSION**, the Plaintiffs respectfully request that the court enter the attached Scheduling and Case Management Order[,] or in the alternative the Plaintiff move for *a "default summary judgment" under Rule 56(c) of the F.R.C.P. Rules because,* summary judgment is proper if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (quoting *Celotex*, 477 U.S. at 317) (sic; emphasis in original).) Quoting case law about summary judgment motions does not convert the motion into a motion for summary judgment.

arguments" in the same or other cases when the court has already explained to him that those arguments are meritless. *Id*. at *3 (emphasis omitted). For reasons that have already been explained to Kelly on numerous occasions, *see id.* at * 3 n.6, his "summary judgment" motion is without merit and is due to be denied.

G.    Dismissal With Prejudice

 "'[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance.'" *Smith v. Boyd*, No. 2:22-CV-199-MHT-JTA, 2023 WL 3831828, at *4 (M.D. Ala. Mar. 31, 2023), *report and recommendation adopted*, No. 2:22CV199-MHT, 2023 WL 3831803 (M.D. Ala. June 5, 2023) (quoting *Nurse*, 618 F. App'x at 991 (citing in turn *Wagner*, 464 F.3d at 1279)). Kelly has eight cases currently pending before this court, and the impact on the just and efficient administration in his cases as well as others will be palpable if the court does not enforce compliance with its orders in his cases, as it would for any other litigant.

Despite having filed a total of four iterations of his Complaint in this action, Kelly still has not cured the shotgun pleading deficiencies in his Complaint after being ordered to do so, and after being given detailed instructions to aid him in that endeavor. The undersigned has considered Kelly's propensity in numerous cases to file amended shotgun complaints in response to motions to dismiss, as though attempting to moot the motion to dismiss with an amended pleading. *See*, *e.g.*, *Kelly v. Elite Roofing, LLC*, Case No. No. 2:24-CV-388-MHT-JTA (WO), 2024 WL 4993858, at *1 n.1 (M.D. Ala. Dec. 5, 2024) (noting that, "[w]hen Plaintiff filed the amended complaint" rather than responding to the

motion to dismiss, "he knew that doing so without leave of court was not permitted under the Federal Rules of Civil Procedure").

The undersigned has considered the range of sanctions available for enforcement of court orders and the Federal Rules of Civil Procedure and finds no sanction but dismissal will suffice. To no avail, the court has already provided Kelly an opportunity to comply with court orders and the Federal Rules of Civil Procedure, and his additional attempts to file shotgun complaints beyond that opportunity only serve to demonstrate additional instances of failing to plead in compliance with the rules. *Id.* ("Where a plaintiff fails to comply with an order to file an amended complaint to cure the shotgun pleading issues, the case may be dismissed with or without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the court's inherent powers to ensure compliance with its orders." (citing *Sullivan*, 2024 WL 2755683, at **10-11 (collecting cases)). Furthermore, Kelly was warned that "***failure to file the Amended Complaint in compliance with the requirements of [the April 26, 2024] Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders***."[15] (Doc. No. 23 at 12 (emphasis in original).)  Moreover, mere dismissal without prejudice would be no sanction at all; rather, it would operate as an opportunity for Kelly to escape any

---

[15] "Although the court's prior warnings to [Kelly] regarding dismissal in the face of noncompliance did not specifically mention the possibility that such dismissal may be with prejudice, he was warned of the consequence of dismissal, and, because he is entitled to object to this Recommendation, he will have an opportunity to explain to the District Judge any reason why he feels that his conduct does not merit dismissal with prejudice." *Smith*, 2023 WL 3831828, at *4.

consequence for failing to comply with the court's orders and the Federal Rules of Civil Procedure by allowing him to file yet another iteration of his complaint in a new action.

Accordingly, the undersigned recommends this action be dismissed with prejudice.

H.    Vexatious Litigant Warning

As Kelly knows, "[r]egardless of how the filing party characterizes them, repetitive motions that seek revisitation of prior orders by raising or expanding on previously-rejected arguments are frivolous, waste the court's limited resources, and unnecessarily delay the resolution of the case on the merits." *Kelly v. Montgomery Hous. Auth.*, 2024 WL 3240637, at *1 ((footnote omitted)). As Kelly has previously been advised on numerous occasions, his filings are subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure. *See, e.g., Kelly v. Montgomery Hous. Auth.*, 2024 WL 3240637 (explaining Kelly's obligations under Rule 11). Pleadings and motions must not be filed frivolously or with cavalier disregard for the Federal Rules of Civil Procedure. Lawsuits are serious matters, not "cheap lottery tickets to be amassed in the vain hope that, on the improbable off chance, one may yield a cash windfall." *Lietzke v. City of Montgomery, AL*, No. 2:20-cv-1032-WKW-JTA, 2023 WL 3937423, at *4 (M.D. Ala. June 9, 2023). Therefore, ***Kelly is specifically warned that continuing to file shotgun complaints in this or other actions—or the repeated filing of arguments or motions the court has already explained are frivolous—may result in further sanctions, including monetary sanctions and restrictions on his filing privileges upon a finding that he is a vexatious litigant.*** *See Kelly v. Elite Roofing, LLC*, Case No. 2:24-CV-388-MHT-JTA, 2024 WL 4994508, at *3 (M.D. Ala. Dec. 5, 2024) ("***Plaintiff is ADVISED that he will be subject to sanctions if he***

***continues to clutter the dockets with motions and other filings containing repeat attempts at raising the same frivolous arguments.***" (emphasis in original)). This warning applies to filings in future lawsuits as well as in Kelly's currently pending actions.

## V.    CONCLUSION

Accordingly, it is ORDERED as follows:

1.    Kelly's motion to amend (Doc. No. 40) is DENIED.

2.    Kelly's spoliation motion (Doc. No. 42) is DENIED.

3.    Kelly's motion in opposition to defendant's motion to dismiss (Doc. No. 43) is DENIED.

4.    Kelly's motion to add documents (Doc. No. 43) is DENIED.

5.    Kelly's motion to strike (Doc. No. 45) is DENIED.

6.    Kelly's motion to enter a scheduling order (Doc. No. 46) is DENIED.

7.    Kelly's incorrectly-titled motion for summary judgment (Doc. No. 46) is DENIED.

Further, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that Defendants' motion to dismiss (Doc. No. 32) be granted and this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with Federal Rules of Civil Procedure and this court's orders.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **January 30, 2025**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

frivolous, conclusive, or general objections will not be considered. Kelly is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 16th day of January, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE